### EX PARTE JAMES WALKER.

Applicant petitioned, on the 6th of September, 1864, the Judge of the 7th Judicial District, for the writ of Habeas Corpus, alleging, that he was illegally restrained of his liberty, by Capt. Wm. Holder, in Galveston County. The writ was granted on the 8th of September, and returnable on the 20th of said month. Return made by John Lloyd, Lieutenant commanding company " E," 2d Texas regiment ; and in answer to the writ, he states " that as Lieutenant commanding said company E, he restrained James Walker as a soldier ; that said Walker was duly assigned to his company, as a conscript, on the 31st of August, 1864 ; has ever since been, and is now held as a person liable to perform military service to the Confederate States; and that he claims to hold said Walker as a soldier, and not otherwise." On the trial before the judge below, cause submitted, on petition, the return of the officer to the writ, and evidence to the effect, that applicant was, on the 1st day of August, 1864, elected to the office of County Commissioner for Brazos County, and that he was duly qualified as such, September 15th. *Held*, that applicant, having shown that he was elected County Commissioner, prior to his assignment to the respondent's company, and it not appearing from the return, or otherwise, that he was enrolled before his election, is entitled to be discharged.

At common law, the return to the writ of habeas corpus was conclusive, and the applicant was discharged, bailed, or remanded, according to the nature of the case ; but he might confess and avoid the return, by admitting the truth of its statements, and alleging new matter in avoidance, not repugnant, and in that way destroy the effect of the return.

The statute enlarges the right of the applicant for the writ, and denies to the return the conclusiveness allowed to it by the common law ; the respondent's return is to be taken as true; he is not required to prove its statements; but the applicant may except to the return, and show that it is not true, or admitting it to be true, he may repel its conclusiveness by new matter in avoidance, and in one of these modes may destroy the effect thus given to the return.

The laws of conscription relate to persons of a certain class described by their ages, but where it does not appear that such persons answer to that de-

scription, the presumption does not arise that they are liable to military duty; if they are within the ages, and therefore belong to that class, and are not exempt, they are liable to enrollment for military duty.

Under the conscript laws, and the rules and regulations made in pursuance thereof, the assignment of a party to duty does not fix his liability; it is only an appropriation, or designation to a particular company, and branch of the service, and the authority to make such an assignment depends upon the validity of his enrollment.

Under these laws, rules and regulations, enrollment is the act by which the Confederate government acquires jurisdiction over the person of a citizen, and a right to his services, and by which he is made to sustain a new relation to that government, as a soldier in its armies, and as such, subject to military control.

If the jurisdiction of the Confederate government has attached, before the election of a party to the office of County Commissioner, his subsequent election does not constitute an exemption from military service, nor would he be entitled to a discharge under the act of Congress, approved April 2d, 1863.

Ex parte W. A. Winnard, page 20, cited and affirmed.

Appeal from the Judgment of the Hon. J. A. BAKER, Judge of the 7th Judicial District, sitting in Chambers, at Huntsville.

*Jno. W. Harris* and *James Masterson*, for appellant.

*Attorney General*, for appellee.

REEVES, J., delivered the opinion of the Court.

Judgment reversed, and applicant discharged.